## MOUNTAIN TOWNSITE CO. v. COOPER
### et al.
### No. 9362.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 18, 1933.

Rehearing Denied Nov. 3, 1933.

E. S. J. Whitehead, of San Antonio, for appellant.

L. B. Cooper, of Cotulla, for appellees.

PER CURIAM.

Appellant herein sued to enjoin the appellees from selling real estate under the pow-

er of sale stipulated in a certain deed of trust.

Appellant based its petition upon the provisions of the so-called "Moratorium Law," which is House Bill No. 231, passed by the regular session of the Forty-Third Legislature (Acts 1933, c. 102 [Vernon's Ann. Civ. St. art. 221Sb, § 1 et seq.]).

This court has very recently decided, in the case of Malachy Murphy v. E. O. Phillips et al., 63 S.W.(2d) 404, that House Bill No. 231 is unconstitutional and void, wherein it attempts to stay trustee sales of real estate provided for in deeds of trust.

For the reasons therein stated, we are of the opinion that the trial judge properly refused the injunction herein prayed for by appellant.

The temporary injunction heretofore granted by this court will be in all things dissolved.

The judgment is affirmed.

### On Motion for Rehearing.

██ Appellant in its motion for a rehearing insists that a trustee's sale under the power of sale in a deed of trust violates the state Constitution, art. 5, § 8, which provides: "The District Court shall have original jurisdiction * * * of all suits for trial of title to land and for the enforcement of liens thereon. * * *"

And also article 1, § 19, which provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law."

We overrule this contention, where a party executes a deed of trust upon real estate to secure a certain promissory note, and expressly provides that, if it is not paid at maturity, the trustee may sell the real estate and apply the proceeds to the payment of the note. This agreement and stipulation constitute a contract remedy which the creditor may properly enforce without violating either one of the above constitutional provisions.

Appellant's motion for rehearing is overruled.